**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IVAN HILL, | : | CIVIL ACTION |
| | : | (habeas corpus) |
| Petitioner | : | |
| | : | |
| v. | : | NO. 14-4574 |
| | : | |
| MIKE WENEROWICZ, et al. | : | |
| | : | |
| Respondents | : | |

**PETITIONER'S OBJECTIONS TO REPORT AND RECOMMENDATION**

Petitioner, Ivan Hill, through counsel, submits the following objections to Magistrate Judge Carol Sandra Moore Wells' Report and Recommendation ("R&R") dated January 6, 2020. Mr. Hill objects to the Magistrate Judge's recommendation that this Court deny his confrontation clause and ineffective assistance of counsel claims.

Pending before this Court are two claims regarding the admission of testimony regarding his non-testifying co-defendant's purported statement.[1] Mr. Hill also asserts his actual innocence as a gateway to overcome the belated filing of his claims and any procedural defaults. Rather than addressing the actual innocence gateway, the Magistrate Judge proceeded to the merits of the constitutional claims and recommended that they be denied. Mr. Hill maintains that this Court can and should reach the merits of his claims because he is actually innocent of the murder

---

[1] In his memorandum of law, Mr. Hill addressed both claims together. Mem. of Law (Doc. No. 20) at 24-32. However, in its response the Commonwealth addressed the claims separately, CW Resp. (Doc. No. 34) at 31-52, and the Magistrate Judge followed suit, R&R at 8-9. Accordingly, herein he discusses the claims separately.

for which he is serving a mandatory sentence of life imprisonment. Nonetheless, because the Magistrate Judge made no recommendations with regard to the actual innocence gateway, his objections pertain only to the Magistrate Judge's recommendation with regard to the claims for relief.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's proposed findings and recommendations, the district court reviews those portions of the magistrate judge's report and recommendation *de novo*. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(3). Whether or not an objection is made, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and "may also receive further evidence or recommit the matter to the magistrate judge with further instructions." 28 U.S.C. § 636(b)(1)(c).

## BACKGROUND

Mr. Hill and a co-defendant, Antonio McKenzie, were tried jointly for the shooting death of Tyree Turner. The Commonwealth's theory of the case was that Hill shot Turner and that McKenzie was liable as an accomplice and co-conspirator.

Prior to trial, Mr. Hill's trial counsel argued an oral motion *in limine* to exclude a portion of the expected testimony of Commonwealth witness Monique Lee. Ms. Lee was expected to testify that, several minutes after the shooting, she purportedly heard McKenzie say to Hill something to the effect of "I told you not to shoot." Trial counsel argued that this statement did not qualify under Pennsylvania's co-conspirator hearsay exception. The trial court denied the motion *in limine*. NT 12/20/2000 at 29-34, 45-50.

During the joint trial, Ms. Lee testified that she was not sure of what she heard, but she thought she heard McKenzie say to Hill, "I told you not to shoot him." *See* Mem. of Law at 6-9. Mr. Hill's trial counsel objected and moved for a mistrial. He argued that the admission of the

non-testifying co-defendant's hearsay statement violated Mr. Hill's confrontation clause rights at the joint trial, and he invoked *Bruton v. United States*, 391 U.S. 123 (1968).  The court overruled the objection and denied the motion for a mistrial, ruling that the statement was admissible as to McKenzie as a statement in furtherance of a conspiracy.  The court instructed the jury that the statement was inadmissible as to Mr. Hill.  *See* Mem. of Law at 27, 29-30.

After the presentation of all evidence,[2] the jury convicted Mr. Hill of first-degree murder and possession of an instrument of crime, and it acquitted him of conspiracy.  The jury acquitted Mr. McKenzie of all charges.

On direct appeal, represented by new counsel, Mr. Hill argued that Mr. McKenzie's "I told you not to shoot him" statement warranted a severance and that that trial counsel was ineffective for failing to seek a severance.  In his brief, he argued that the testimony was inadmissible under state law and violated the confrontation clause and *Bruton*.  The Superior Court ruled based on state law, holding that the co-defendants' defenses were not irreconcilable, so trial counsel was not ineffective for failing to seek severance.  It also ruled that, if the trials were severed, the challenged statement likely would have been admitted at Mr. Hill's trial as a co-conspirator statement.  It did not address the confrontation clause violation in its opinion.  *See* Mem. of Law at 31.

In these federal habeas proceedings, Mr. Hill argued that the admission of Ms. Lee's testimony about McKenzie's purported statement violated his constitutional rights.  He first argued the standalone constitutional claim: that the admission of the testimony during the joint trial violated his due process and confrontation clause rights, as established by *Bruton*, and that the error was not

---

[2] The other evidence presented at trial, as well as the evidence obtained after trial, is discussed in Mr. Hill's memorandum of law.  It is not addressed herein because it is not relevant to these objections.

harmless. Mem. of Law at 25-29. He then argued that, although trial counsel objected to the admission of the testimony, trial counsel was ineffective for failing to properly seek severance in light of Ms. Lee's expected (and actual) testimony. *Id.* at 29-31 and n.11.

In the R&R, the Magistrate Judge addressed two claims that she construed as follows: (1) that counsel was ineffective for failing to raise a confrontation clause objection at trial, and (2) that trial counsel was ineffective for failing to seek severance based on the confrontation clause violation. R&R at 8-9. She concluded that the first claim is belied by the record because trial counsel did raise a *Bruton* objection that was grounded on the confrontation clause. *Id.* at 9. As to the second claim, she stated that it is unclear whether trial counsel requested a severance, but any failure to do so was not ineffective because Ms. Lee's testimony did not violate the confrontation clause. *Id.* She concluded that, under the law at the time of Mr. Hill's trial in December 2000, Ms. Lee's testimony was admissible as a hearsay exception—the statement of a co-conspirator. R&R at 9 (citing *Ohio v. Roberts*, 448 U.S. 56 (1980)). She also concluded that under *Crawford v. Washington*, 541 U.S. 36 (2004), and it progeny—cases decided after Mr. Hill's conviction became final—Ms. Lee's testimony does not violate the confrontation clause because Mr. McKenzie's purported statement was not testimonial. As such, the Magistrate Judge concluded that "counsel could not be ineffective for omitting a futile claim." *Id.*

## OBJECTIONS

### 1. Mr. Hill's constitutional rights were violated by the admission of Ms. Lee's testimony about Mr. McKenzie's purported statement.

Mr. Hill asserts that his confrontation clause and due process rights were violated by the admission of Ms. Lee's testimony about Mr. McKenzie's purported statement during the joint trial. He acknowledges here, as he did in his memorandum of law, that counsel raised this objection at trial. However, because counsel's objections were overruled, the constitutional violation was not cured. To the extent that the Magistrate Judge did not address the standalone constitutional claim,

Mr. Hill objects and asserts that he is entitled to relief on this claim.[3] He maintains that his actual innocence overcomes the untimely filing and any procedural bars to the consideration of this claim. With regard to the merits of the constitutional claim, he refers the Court to the arguments in his memorandum of law, Mem. of Law at 25-29, and below.

**2. Trial counsel was ineffective for failing to seek severance.**

Mr. Hill also objects to the Magistrate Judge's conclusion that trial counsel was not ineffective for failing to seek severance. He specifically objects to the conclusions that (1) under the law at the time of Mr. Hill's trial, Ms. Lee's testimony was admissible as to Mr. Hill because it recounted the statement of a co-conspirator; and (2) under current law, there can be no confrontation clause violation due to the admission of Ms. Lee's testimony because McKenzie's statement was non-testimonial. Further, although the Magistrate Judge's determination about current law follows Third Circuit precedent, for preservation purposes Mr. Hill objects to the determination that the scope of *Bruton* protections has been narrowed by *Crawford*. *See United States v. Berrios*, 676 F.3d 118 (3d Cir. 2012).

    a. The law of <u>Bruton</u> and <u>Crawford</u>.

Since the *Bruton* decision in 1968, it has violated due process and the confrontation clause for a non-testifying co-defendant's self-incriminatory statement, which also inculpates the defendant, to be admitted during a joint trial. In these circumstances, a limiting instruction for the jury to use the statement only as to the co-defendant and not to the defendant is insufficient to cure the constitutional violation; the risk is too great that the jury will not, or cannot, follow those instructions. 391 U.S. at 135-36.

---

[3] The Magistrate Judge addressed the constitutional claim in the context of trial counsel's failure to seek severance. She found that there was no confrontation clause violation, so she did not address prejudice.

Over a decade after *Bruton*, the Supreme Court issued its opinion in *Ohio v. Roberts*—a case that applied the confrontation clause to different circumstances. 448 U.S. 56 (1980). Unlike *Bruton*, *Roberts* did not involve joint trials or the admissibility of evidence as to only one defendant. Instead, *Roberts* addressed "the relationship between the Confrontation Clause and the hearsay rule with its many exceptions." *Id.* at 62. The Court concluded that the out-of-court statements of non-testifying witnesses could be admitted if they fell within a firmly rooted hearsay exception or bore "particularized guarantees of trustworthiness." *Id.* at 66. The Court did not address the effect of *Roberts* on *Bruton* because the two cases addressed different things; after all, in *Bruton*, the non-testifying co-defendant's statement "was clearly inadmissible" against the defendant. *Bruton*, 391 U.S. at 129 n.3.

The *Roberts* rule continued to govern the interplay between the confrontation clause and the hearsay rule until 2004, when *Crawford* overruled the portion of *Roberts* that permitted judges to determine whether hearsay evidence bore "particularized guarantees of trustworthiness"—a standard that the Court found to be too vague to protect the confrontation clause right. *Crawford v. Washington*, 541 U.S. 36, 53-58 (2004). *Crawford* also clarified that the primary focus of the confrontation clause is on "testimonial" hearsay. *Id.* at 51, 53. Two years later, in *Davis v. Washington*, the Court went even further, holding that the confrontation clause protects *only* against the admission of testimonial hearsay. 547 U.S. 813, 823-26 (2006). Even in *Davis*, however, the Court did not address *Bruton*. The reason is clear: as the cases pertain to distinct issues. *Davis* addresses how to determine when hearsay evidence is admissible as to a defendant, while *Bruton* addresses the effect of certain evidence admitted as to a co-defendant upon a defendant as to whom that evidence was clearly inadmissible.

The Third Circuit has held that, "because *Bruton* is no more than a byproduct of the Confrontation Clause, the Court's holdings in *Davis* and *Crawford* . . . limit *Bruton* to testimonial statements." *United States v. Berrios*, 676 F.3d 118, 128 (3d Cir. 2012). It explained that "any

protection provided by *Bruton* is therefore only afforded to the same extent as the Confrontation Clause, which requires that the challenged statement qualify as testimonial," and it overruled its previous holdings that applied *Bruton* to non-custodial statements. *Id.*

Here, the Magistrate Judge applied *Roberts* to conclude that there was no *Bruton* violation at the time of Mr. Hill's trial, and she applied *Berrios* to conclude that there is no *Bruton* violation under the current law, as affected by *Crawford* and *Davis*. Mr. Hill objects to both rulings.

    b. *The constitutional violation at Mr. Hill's trial.*

At Mr. Hill's trial, the judge instructed the jury that McKenzie's statement *was not admissible against Mr. Hill at all*—an instruction that, under *Bruton*, was insufficient to cure the constitutional violation. *See, e.g.*, N.T. 12/21/2000 at 41-42 ("In short, if you find that Mr. McKenzie said these words after the shooting, then, again, it is evidence only as to Mr. McKenzie's case. It is not any evidence as to Mr. Hill's case and when you deliberate on Mr. Hill's case, that statement may not be considered in any way as evidence against Mr. Hill."). Mr. Hill objects to Magistrate Judge's conclusion that, notwithstanding the trial judge's instruction, the hearsay statement was admissible against him as statement of a co-conspirator. R&R at 9. The co-conspirator hearsay exception is not applicable here, as the statement at issue was not made during and in furtherance of any conspiracy.[4] At a minimum, the statement certainly was not made in furtherance of a conspiracy. Although, as the Magistrate Judge found, the statement was spontaneous, it was not against the declarant's penal interest nor designed to advance a crime. In fact, the statement exculpated Mr. McKenzie of any criminal liability for the shooting and placed all

---

[4] Even the Superior Court did not conclude that the statement would have qualified under the co-conspirator hearsay exception; it merely noted that the statement "would *likely* have come into evidence as a co-conspirator statement." Super. Ct. Op., Jan. 29, 2002, at 5 (emphasis added). No AEDPA deference is due to this observation, as it does not constitute an alternative holding. Even if deference were due, Ms. Hill could satisfy the requirements of 28 U.S.C. § 2254(d) because the Superior Court's observation is based on an unreasonable determination of the facts in the state court record, for the reasons discussed in text.

blame on Mr. Hill.  The exculpatory nature of the statement is evident not only from the statement itself but also from the jury's acquittal of Mr. McKenzie on all charges, including conspiracy to commit murder.  Because Mr. McKenzie's statement did not qualify under the co-conspirator hearsay exception, it was inadmissible against Mr. Hill, and *Bruton* applied.  The admission of the statement at the joint trial violated Mr. Hill's confrontation clause and due process rights at the time of trial.

        c.   *Crawford/Davis* does not affect the *Bruton* violation.

Even under current law, Mr. Hill's rights under *Bruton* were violated.  Mr. McKenzie's statement is plainly not testimonial, but that is immaterial.  As discussed above, the hearsay statement was not admissible as to Mr. Hill, and so the law of *Crawford/Davis* is inapplicable to this case.

This Court is bound to apply the Third Circuit's decision in *Berios*.  However, the Supreme Court has not yet addressed whether *Crawford/Davis* limits the scope of *Bruton*'s protections, and reasonable jurists would debate the correctness of *Berios*'s holding that it does.  *See generally* Colin Miller, *Avoiding A Confrontation? How Courts Have Erred in Finding That Nontestimonial Hearsay Is Beyond the Scope of the Bruton Doctrine*, 77 Brook. L. Rev. 625, 658-678 (2012); *id.* at 661 and nn. 279 & 280 (identifying cases in which federal courts continued to apply *Bruton* to non-testimonial co-defendant statements after *Crawford* and *Davis*).  Accordingly, a certificate of appealability should issue so that the Third Circuit can revisit its holding in *Berios*.

### 3. A certificate of appealability should issue.

To obtain a certificate of appealability (COA), a petitioner must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c).  This standard is satisfied if jurists of reason "could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  "[A] claim can be debatable

even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id.* at 338.

Mr. Hill's claims satisfy these criteria. For the reasons discussed above, he has made a substantial showing that his rights to due process, confrontation, and the effective assistance of counsel were violated. These claims deserve encouragement to proceed further.

## CONCLUSION

For the foregoing reasons, this Court should review Petitioner's claims *de novo* and grant habeas relief or issue a certificate of appealability.

Respectfully submitted,

*/s/ Arianna J. Freeman*
ARIANNA J. FREEMAN
Managing Attorney, Non-Capital Habeas Unit
Federal Community Defender Office
 for the Eastern District of Pennsylvania
Suite 540 West - The Curtis Center
Independence Square West
Philadelphia, PA 19106

*Attorney for Petitioner, Ivan Hill*

DATE:         March 25, 2020

**CERTIFICATE OF SERVICE**

  I hereby certify that I caused a copy of the foregoing to be served on the following person via this Court's Electronic Case Filing system: Assistant District Attorney Max Kaufman.

                *s/ Arianna J. Freeman*
                ARIANNA J. FREEMAN

DATE:   March 25, 2020