**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IVAN HILL, | : | |
| Petitioner, | : | |
| | : | No. 2:14-cv-4574 |
| v. | : | |
| | : | |
| JOSEPH TERRA, THE DISTRICT ATTORNEY | : | |
| OF THE COUNTY OF PHILADELPHIA, THE | : | |
| ATTORNEY GENERAL OF THE STATE OF | : | |
| PENNSYLVANIA, | : | |
| Respondents. | : | |

**O P I N I O N**
**Motion for Relief under Rule 60(b), ECF No. 50 – Denied**
**Motion to Admit Affidavits, ECF No. 115 – Dismissed**
**Motion to Withdraw Request for Evidentiary Hearing, ECF No. 121 – Dismissed**

**Joseph F. Leeson, Jr.**                                      **June 16, 2026**
**United States District Judge**

## I.      INTRODUCTION

Petitioner Ivan Hill is a Pennsylvania state prisoner serving a sentence of life in prison

without the possibility of parole. He is imprisoned for first-degree murder and possession of an

instrument of crime (PIC). Hill filed a Petition for a writ of habeas corpus, which the Court

denied. He filed a Rule 60(b) Motion following the Court's adoption of the Report and

Recommendation denying his habeas Petition. Hill seeks to amend his habeas Petition to raise a

freestanding actual innocence claim, based upon his gateway actual innocence claim presented in

his original Petition. For the following reasons, the Court denies Hill's Rule 60(b) Motion.

## II.    BACKGROUND

The trial court, the Pennsylvania Superior Court, and the Report and Recommendation

("R&R") prepared by the Honorable Magistrate Judge Carol Sandra Moore Wells, provide the

facts of this case as follows:

> On October 27, 1999, at approximately 11:00 p.m., the body of Tyree Turner was found in his car on Broad Street in Philadelphia. The victim had been shot in the back with a 9 mm luger firearm. Monique Lee testified that defendant Ivan Hill, co-defendant Antonio McKenzie and herself were at McKenzie's store on 13th and Courtland Streets in Philadelphia. After about ten minutes, the three of them moved outside of the store and were conversing with a group of friends. Approximately fifteen to twenty minutes later the victim, Tyree Turner, was seen driving down Courtland Street towards Old York Road when an unknown individual stopped him about a half block away from McKenzie's store. The victim remained in his car while speaking with this individual. Monique Lee testified that McKenzie and the defendant then walked over to the victim's car and began speaking with him[.] Ten minutes later, Ms. Lee heard gunshots. Another witness, Ms. Roslyn Johnson, a friend of both the defendant and co-defendant, testified that as she was walking home up Courtland Street she saw the defendant standing in the middle of the street talking to the victim who was still in his car. The defendant then began running and shooting at the victim's car. By this time, co-defendant McKenzie was across the street getting in his car with Monique Lee. The two of them drove away and tried to find the defendant who had fled on foot. They found the defendant at a Walgreen's Drug Store where the defendant and co-defendant McKenzie had a conversation and then separated once again.
>
> Officer Cassidy was one of the first to arrive on the scene. Upon arrival, the officer saw a vehicle that had a broken window on the rear driver's side, the entire rear window was shattered and there were several bullet holes in the vehicle. The officer then went to the front of the car and found the victim lying unconscious on the driver's seat. The cause of death was multiple gunshot wounds.

*Commw. v. Hill*, No. 0477 2/2, 2001 WL 36043756, at *1 (Phila. C.P. Mar. 27, 2001); *see also*

*Commw. v. Hill*, No. 799 EDA 2001, at 1–2 (Pa. Super. Ct. Jan. 29, 2002); *see also* R&R 2, ECF

No. 40.

About one month later, on November 26, 1999, Hill was arrested and charged with

murder, possessing an instrument of crime (PIC), and criminal conspiracy in connection with the

death of Turner. *See Hill*, 2001 WL 36043756, at *1. On December 7, 1999, Antonio McKenzie,

Hill's cousin, was arrested for the same crimes. *See id.* n.2. Hill's trial began on December 19, 2000. *See id.* at *1.

On December 20, 2000, Sharon Millsaps, who lived in the area of the shooting, and was friends with McKenzie and Hill, testified that she saw "Skeet"—Hill's purported nickname— shooting a 0.9 millimeter gun into the back of a car on the night of the shooting. *See* Hill Trial Tr. 12/20/00 at 113:14–114:16, ECF No. 20-2.

On December 21, 2000, McKenzie's girlfriend, Monique Lee, testified at the trial that she heard McKenzie say to Hill, "I told you not to shoot him." Tr. 12/21/00 at 39:17–41:16, ECF No. 20-3. Also on December 21, 2000, Roslyn Johnson, who knew Hill, testified that she saw Hill shoot into the decedent's car, while McKenzie was "across the street" "between 13th and Camac[.]" Tr. 12/21/00 at 126:22–127:24, ECF No. 20-4.

"On December 22, 2000, [Hill] was [found guilty and] sentenced by [the Court of Common Pleas] to life imprisonment for murder in the first degree and a concurrent term of one (1) to two (2) years imprisonment for the PIC bill."[1] *Hill*, 2001 WL 36043756, at *1. Hill filed post-sentence motions on December 26, 2000. *See id.* The trial court denied the post-sentence motions on February 7, 2001. *See id.*

On March 27, 2001, the trial court rejected Hill's ineffective assistance claim, finding that Hill could not show that failing to request severance prejudiced him because McKenzie's statements would come in as a co-conspirator statement, and that the evidence was sufficient to support the guilty verdict. *See Hill*, 2001 WL 36043756, at *1. The trial court noted that the "overwhelming" evidence diminished Hill's ineffective assistance of counsel claim:

---

[1]    McKenzie was acquitted of first-degree murder, PIC, and criminal conspiracy. *See Hill*, 2001 WL 36043756, at *1 n.2.

> Among the witnesses who testified, Monique Lee and Roslyn Johnson placed [Hill] at the scene of the crime. Ms. Johnson[,] who knew [Hill] also testified she witnessed [Hill] standing in the middle of Courtland Street in plain view running and shooting at the victim's car. The physical evidence shows several bullet holes in the victim's vehicle - the rear window, the rear driver's side and the trunk.

*Id.*; *see also* App.[2] to Mem. in support of Pet. ("App.") 181, ECF No. 20-7. Regarding Hill's sufficiency of the evidence challenge, the trial court found:

> The evidence shows that defendant [Hill] approached the victim's car, spoke with the victim and then began shooting at the victim's car several times. Eyewitnesses unequivocally identified defendant and placed the defendant at the scene where they saw *him* shoot at the victim's car while the victim was a captive in the car with nowhere to run. The defendant acted with a specific intent to kill by firing numerous shots at the victim, including shooting him in the back. Therefore, the defendant was properly convicted of first degree murder under the laws of the Commonwealth.

*Hill*, 2001 WL 36043756, at *1.

On March 7, 2001, Hill filed an appeal of the trial court's denial of his post-sentence motions in the Pennsylvania Superior Court. *See* App. 182–95, ECF Nos. 20-7, 20-8. The Pennsylvania Superior Court affirmed Hill's judgment of sentence on January 29, 2002. *See Hill*, No. 799 EDA 2001, at *1, *see also* App. 196–201, ECF No. 20-8. Hill petitioned for allowance of appeal to the Pennsylvania Supreme Court on February 27, 2002, but the Pennsylvania Supreme Court denied the petition for allowance of appeal on August 20, 2002. *See Commw. v. Hill*, 806 A.2d 859 (Pa. 2002) (table).

On March 5, 2003, Hill filed his first Post Conviction Relief Act ("PCRA") petition. *See* App. 202–12, ECF No. 20-8. The PCRA court denied his petition on January 23, 2004. *See* App. 213–15, ECF No. 20-8.

---

[2]     Hill presented evidence from his state court case, as well as new evidence, in an Appendix to his Memorandum in support of his Petition. *See* Mem. in support of Pet., ECF No. 20.

On September 1, 2004, McKenzie, imprisoned for a separate offense, signed an affidavit admitting that he was guilty of murdering Turner. *See* McKenzie Aff., App. 220, ECF No. 20-8, *see also* App. 229, ECF No. 20-9; *see also* ECF No. 115-1. The affidavit said, relevantly:

> 1. I was involved in the killing of a young man and for which I am absolutely guilty of the murder.
> 2. I have kept this hidden for a long time but as I get closer to God in my faith I can not hide this any longer especially when an innocent person is in prison for the murder.
> 3. I would like to talk to a state trooper in the Commonwealth of Penna., in confidence, and ask that one be designated to interview me. I will explain exactly what I am referencing when I say that I am guilty of killing a young man, and that another individual has been charged with this murder.
> 4. I cannot be true to my faith and hide this any longer.
> 5. I will explain what happened, and how the killing took place.

*Id.*

On February 2, 2005, Hill filed a second PCRA petition based on McKenzie's affidavit, arguing that it was newly discovered evidence. *See* App. 216–25, ECF No. 20-8. Hill maintained that he received McKenzie's affidavit from Hill's mother on January 5, 2005, and did not become aware of its contents until that day. *See id.* at 218. On May 12, 2005, the PCRA court dismissed Hill's second PCRA petition, explaining:

> Pursuant to 42 Pa. C.S. § 9545(b) (as amended, effective January 16, 1996), your second or subsequent petition for post conviction relief is untimely filed. While you allege new evidence 'in the form of an affidavit from your acquitted co-defendant' claiming he was responsible for the murder, not you, this affidavit is not 'new evidence.' Accordingly, your claim does not fall within the exception to the time bar. [*See*] *Commw. v. Abu-Jamal*, 833 A.2d 719, 733–735 (Pa. 2003) cert. denied *Abu-Jamal v. Pennsylvania.*, 541 U.S. 1048 (2004).

App. 226, ECF No. 20-8.[3]

---

[3]     *Abu-Jamal* held as follows: "[a] petitioner cannot establish the after-discovered evidence exception merely by alleging that possible ineffective assistance of counsel claims were unknown to the petitioner and could not have been discovered until after present counsel reviewed the petitioner's file." 833 A.2d at 733–34 (citation omitted).

McKenzie was murdered on February 29, 2008. *See* Mem. 13, ECF No. 20; *see also* Rasheed Thomas Aff. ¶ 8, App. 231, ECF No. 20-9.

Hill filed a pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 31, 2014, in the above-captioned action. *See* Pet., ECF No. 1. His Petition was filed more than one year after his judgment of conviction became final, but he asserted that the factual predicate of his claim was not discoverable sooner with due diligence. *See id.* He also suggests his actual innocence. *See id.* The Court appointed the Federal Community Defender Office for the Eastern District of Pennsylvania to represent Hill on November 20, 2014. *See* ECF No. 10.

Hill filed a Memorandum of Law in support of his Petition on May 29, 2015, in which he withdrew some grounds and proceeded on a *Bruton*-based[4] ineffective assistance of counsel claim and a gateway actual innocence claim.[5] *See* Mem., ECF No. 20.

Hill attached numerous affidavits to the Memorandum. *See* ECF Nos. 20-1–9. The first was an April 15, 2015 affidavit from Greg Hill, Hill's and McKenzie's uncle, stating that McKenzie had confessed to Greg Hill that he murdered Turner. *See* Greg Hill Aff., App. 232, ECF No. 20-9, *see also* ECF No. 115-3. The second was a May 8, 2015 affidavit from Monique Lee providing that McKenzie confessed to her that he killed Turner. *See* Lee Aff., App. 234–35, ECF No. 20-9; *see also* ECF No. 115-2. Her affidavit was signed, sworn, and notarized, and stated, in part:

> "After their trial in 2000, where Ivan [Hill] was convicted of Tyree's murder and Antonio [McKenzie] was acquitted, Antonio confessed to me that his cousin, Ivan,

---

[4]    *Bruton v. United States*, 391 U.S. 123, 126 (1968).

[5]    A habeas petitioner may use a claim of actual innocence as a gateway to overcome a procedurally defaulted or time-barred habeas claim, to prevent a fundamental miscarriage of justice. *See* 28 U.S.C. § 2244(d)(1) (setting the period of limitation for application of a writ of habeas corpus); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (describing actual innocence as a gateway through which a petitioner may pass to overcome a procedural bar such as a statute of limitations).

was locked up for something he, Antonio, did. He felt terrible about Ivan going to jail for a murder he didn't do. Antonio told me one day that he would come forward and tell the truth."

*Id.*

The third affidavit, dated May 29, 2015, was from Carl Hill, Hill's and McKenzie's uncle. *See* Carl Hill Aff., App. 233, ECF No. 20-9; *see also* ECF No. 115-4. The affidavit provided that McKenzie confessed to Carl Hill that he had killed Turner. *See id.*

Hill also provided an undated letter, allegedly from McKenzie (called "Tone") to Hill (called "Skeet") wherein "Tone" confessed to the murder of Turner. *See* App. 227–28, ECF Nos. 20-8, 115-5.

On July 23, 2015, Respondents filed a Response in Opposition. *See* ECF No. 21.

On January 6, 2020, Magistrate Judge Carol Sandra Moore Wells issued an R&R recommending that the Petition be denied. *See* R&R, ECF No. 40. She did not address whether Hill could demonstrate actual innocence to excuse the untimeliness of his Petition, noting that it presented a "difficult procedural question," *id.* at 8, and found that the substantive ineffective assistance of counsel claim was meritless. *See id.* The Honorable Petrese Tucker fully adopted the R&R on February 22, 2021, and did not issue a certificate of appealability. *See* ECF No. 49.

On March 23, 2021, Hill filed a Motion for Relief under Rule 60(b)(6), seeking to amend his Petition for a writ of habeas corpus to add a freestanding actual innocence claim. *See* Rule 60(b) Mot., ECF No. 50. On March 24, 2021, Hill appealed the Court's Order adopting the R&R to the Third Circuit. *See* ECF No. 51. The Third Circuit stayed the action on March 30, 2021, pending disposition of the Rule 60(b) Motion. *See* No. 21-1573 (3d Cir.).

On March 21, 2022, Judge Tucker denied the Rule 60(b) Motion as an unauthorized second or successive petition under 28 U.S.C. § 2254. *See* ECF No. 63. Hill filed a motion to

reconsider the Court's order, alleging that "[t]he Third Circuit makes clear that any amendment to raise a new claim at this stage would not constitute a successive habeas [P]etition, as [] Hill sought leave to amend his [P]etition before the time to appeal the denial of his first habeas [P]etition expired." Mot. for Reconsideration, ECF No. 64.

On June 10, 2022, Judge Tucker granted Hill's motion for reconsideration of the order denying the 60(b) Motion after the parties agreed that adding a new claim was not a second or successive petition before all appellate remedies had been exhausted. *See* ECF No. 67 (citing *United States v. Santarelli*, 929 F.3d 95, 104–05 (3d Cir. 2019) ("[A] subsequent habeas petition is second or successive if it is filed after the petitioner has expended the one full opportunity to seek collateral review that AEDPA ensures, which we interpret in this context as meaning after the petitioner has exhausted all of her appellate remedies with respect to her initial habeas petition or after the time for appeal has expired." (internal quotations and citations omitted))).

On September 1, 2022, the case was reassigned to Judge Brody. *See* ECF No. 73. On January 3, 2024, Judge Brody ordered an evidentiary hearing on the Petition. *See* ECF Nos. 82–83. On July 2, 2025, Hill filed a Motion to admit the affidavits of Antonio McKenzie and Monique Lee at the evidentiary hearing. *See* Mot. to Admit, ECF No. 115. Respondents did not file a response in opposition to the Motion to admit the affidavits, and the Court considers it unopposed. On February 17, 2026, the case was reassigned from Judge Brody to Judge Leeson. *See* ECF No. 120. On February 26, 2026, Hill moved to withdraw his request for an evidentiary hearing because defense investigators could not locate Lee for a second interview, presuming she would be unavailable to testify. *See* Mot. to Withdraw, ECF No. 121. Respondents also did not file a response in opposition to the Motion to Withdraw, and the Court considers it unopposed also.

## III.    LEGAL STANDARDS

### A.  Motion for Relief under Rule 60(b)

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it   prospectively   is   no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). "[A] district court may only grant relief under Rule 60(b)(6) in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" *Satterfield v. Dist. Att'y Phila.*, 872 F.3d 152, 158 (3d Cir. 2017) (citing *Cox v. Horn*, 757 F.3d 113 120 (3d Cir. 2014) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). Such extraordinary circumstances rarely exist in habeas cases. *See Gonzalez*, 545 U.S. at 535.

### B.  Actual Innocence Claims

Generally, a claim of actual innocence, if proven by new reliable evidence, permits a court to review the merits of an otherwise defaulted claim and acts as a gateway for excusing

procedurally defaulted or time-barred claims. *See House v. Bell*, 547 U.S. 518, 554–55 (2006); *see also McQuiggin*, 569 U.S. at 386. Yet, the Supreme Court has never held that a freestanding actual innocence claim is cognizable. In *Herrera v. Collins*, 506 U.S. 390 (1993), the Supreme Court held that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Id.* at 400 ("This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact."); *see also Fielder v. Varner*, 379 F.3d 113, 122 (3d Cir. 2004); *Wright v. Sup't Somerset SCI*, 601 F. App'x 115, 120 (3d Cir. 2015) (same). Federal habeas courts are statutorily limited in jurisdiction, and may only "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims of actual innocence are not "independent substantive claim[s]." *Mbewe v. Delbalso*, No. 16-1074, 2021 WL 22458, at *20 (W.D. Pa. Jan. 4, 2021) (citing Brian R. Means, FEDERAL HABEAS MANUAL § 9B:84, Westlaw (database updated May 2020)). Although the Supreme Court left the door open for a future case to state a freestanding actual innocence claim, it has refused to resolve the issue because no petitioner has met the high showing to sustain an actual innocence claim. *See Herrera*, 506 U.S. at 417–19 ("We may assume, for the sake of argument in deciding this case, that in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim."); *House*, 547 U.S. at 554–55 (refusing, in a capital case, "to answer the question left open in *Herrera* and hold not only that

10
061626

freestanding innocence claims are possible but also that he has established one. . . [because] whatever burden a hypothetical freestanding innocence claim would require, this petitioner has not satisfied it"); *see also Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 183 (3d Cir. 2017) ("The Supreme Court has yet to decide whether a prisoner can obtain habeas relief based on a freestanding claim of actual innocence, having left the matter open time and again.") (citation omitted) (abrogated on other grounds by *Voneida v. Johnson*, 88 F.4th 233, 237 (3d Cir. 2023)). Actual innocence refers to factual innocence, not legal insufficiency. *See Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012) (citation omitted); *see also Reeves v. Fayette SCI*, 897 F.3d 154, 160 (3d Cir. 2018), as amended (July 25, 2018).

In the Third Circuit, freestanding actual innocence claims, assuming they are cognizable, "are to be initially tested against the more relaxed (but still stringent) actual innocence gateway standard." *Bruce*, 868 F.3d at 184 (citing *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013)). This standard requires a petitioner to "(1) present new, reliable evidence of his innocence; and (2) show by a preponderance of the evidence that it is more likely than not that no reasonable juror would have convicted him ... in light of the new evidence." *Wallace v. Mahanoy*, 2 F.4th 133, 151 (3d Cir. 2021); *see also Schlup v. Delo*, 513 U.S. 298, 324, 327–28 (1995) (providing the rule to state a gateway actual innocence claim); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted). When analyzing the first step, the court "may consider how the timing of [the petitioner's] submission and the likely credibility of the [witnesses] bear on the probable reliability of that evidence," as well as the circumstances surrounding the evidence. *Reeves*, 897 F.3d at 161 (citing *House*, 547 U.S. at 537, 551 (citing *Schlup*, 513 U.S. at 331–32)). In evaluating the second step—whether it is more likely than not no reasonable juror would convict the petitioner—the court "must consider all the

evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Reeves*, 897 F.3d at 161 (citing *House*, 547 U.S. at 538 (citing *Schlup*, 513 U.S. at 327–28)). "[T]o balance the societal interests in finality ... and conserv[e] scarce judicial resources with the individual interest in justice that arises in the extraordinary case," *Schlup*, 513 U.S. at 324, the gateway standard is purposefully "demanding" and formulated to ensure that a successful petitioner's case is "truly extraordinary." *House*, 547 U.S. at 537–38 (internal quotation marks omitted); *see also McQuiggin*, 569 U.S. at 386 (warning that "tenable actual-innocence gateway pleas are rare").

"Failure to meet the [actual innocence] gateway standard is sufficient to reject any hypothetical freestanding actual innocence claim." *Bruce*, 868 F.3d at 184 (citing *Albrecht v. Horn*, 485 F.3d 103, 126 (3d Cir. 2007)). If this standard is met, then the court applies "the 'extraordinarily high' threshold implied in *Herrera*'s freestanding innocence claim." *Albrecht*, 485 F.3d at 122. *See also Herrera*, 506 U.S. at 426–27 (O'Connor, J., concurring) ("If the federal courts are to entertain claims of actual innocence, their attention, efforts, and energy must be reserved for the truly extraordinary case.").

## IV.   ANALYSIS

The Court denies Hill's Rule 60(b) Motion. Hill seeks to amend his habeas Petition "to raise a stand-alone claim that his actual innocence constitutes a basis upon which the Court may issue a writ of habeas corpus." Rule 60(b) Mot. 2. According to Hill, "[t]he equities of [his] case constitute extraordinary circumstances that merit Rule 60(b) relief from judgment so that the Court can consider a stand-alone actual innocence claim." *Id.* at 4. Hill argues that (1) if the Court does not review his actual innocence claim, there is a risk of a miscarriage of justice

because an innocent person (Hill) "would be imprisoned for the rest of his life without the possibility of parole;" (2) courts *have* recognized a freestanding actual innocence claim, including courts in the Ninth Circuit; (3) "Hill's actual innocence has not been reviewed by any Court;" and (4) "the parties have already fully briefed [] Hill's actual innocence to this Court." *Id.* at 4–6.

Although Hill presented the 2004 McKenzie affidavit before a Pennsylvania state court with his second PCRA petition, he did not present the 2015 Lee and Hill affidavits, nor the undated "Tone" and "Skeet" letter, before a Pennsylvania state court on PCRA review. "Any [PCRA] petition invoking an exception [for newly discovered evidence] shall be filed within one year of the date the claim could have been presented." 42 Pa. C.S. § 9545(b)(2). Hill obtained the Lee and Hill affidavits in 2015. Eleven years have since passed. Similarly, if McKenzie wrote the letter, it would have been ostensibly before February 2008, meaning almost two decades have since elapsed. Thus, because the one-year period has passed to bring a PCRA claim based upon the Lee and Hill affidavits and the letter, Hill likely could not successfully bring a third PCRA claim based upon the alleged newly discovered evidence. This Court is barred from considering this evidence for the first time. *See Givens v. Kelly*, No. 12-365, 2013 WL 1136739, at *5–6 (W.D. Pa. Mar. 18, 2013) (explaining that the AEDPA barred the district court from considering "late produced letters supposedly written by Patrice Rogers wherein she allegedly expresses a desire to recant her trial testimony because Petitioner failed to adduce these letters in the PCRA proceedings"). Nevertheless, because Hill cannot establish actual innocence, all the evidence is addressed.

Initially, the United States Supreme Court has not yet found a freestanding actual innocence claim to be cognizable. *See Herrera*, 506 U.S. at 400; *McQuiggin,* 569 U.S. at 386,

13
061626

392; *cf. In re Davis,* 557 U.S. 952 (2009). Although neither the Supreme Court nor the Third

Circuit has directly foreclosed the possibility of recognizing a freestanding actual innocence

claim, no case has met the high standard required to award habeas relief. *See Reeves*, 897 F.3d at

160 n.4 ("[T]o the extent [freestanding actual innocence claims] are [cognizable], they are

assessed under a more demanding standard, since the petitioner's claim is that his conviction is

constitutionally impermissible 'even if his conviction was the product of a fair trial[.]'"). Hill's

request to amend his Petition to add a freestanding actual innocence claim is therefore denied

because a freestanding actual innocence claim is not cognizable.

To the extent that Hill could bring a freestanding actual innocence claim, the Court notes

that this is not a case warranting such "truly extraordinary" relief. *House*, 547 U.S. at 537–38.

Rather, the evidence he presented does not meet the extremely high burden that would be

necessary to succeed in a freestanding actual innocence claim. The Court notes that the presented

affidavits and the letter have credibility issues. *See Schlup*, 513 U.S. at 331–32 (noting that a

"court may consider the timing of the submission and the likely credibility of the affiants bear on

the probable reliability of that evidence").

First, the Court considers the McKenzie affidavit and notes that it presents numerous

credibility issues. The McKenzie affidavit was signed and dated four years after the murder and

almost four years after Hill's trial. Furthermore, the court acquitted McKenzie of murder in 2000

so when he signed the affidavit four year later McKenzie knew he could not be tried again for the

murder. *See Givens*, 2013 WL 1136739, at *8 (denying a habeas petition for failing to meet the

gateway actual innocence standard, and therefore the freestanding standard, and noting that the

affidavit from the petitioner's co-defendant suffered from credibility issues because "this

statement was given by a convicted co-defendant in this crime who only made the statement after

he had been sentenced for his participation and therefore had nothing to lose by attempting to aid the cause of his co-conspirator raises a significant question as to its reliability"). Finally, it is impossible to cross-examine McKenzie, because he was murdered in 2008. *See Herrera*, 506 U.S. at 417 ("In the new trial context, motions based solely upon affidavits are disfavored because the affiants' statements are obtained without the benefit of cross-examination and an opportunity to make credibility determinations."). Thus, the McKenzie affidavit is insufficient to meet the high burden to sustain a freestanding actual innocence claim. *See Thomas v. Sec'y Pa. Dep't of Corr.*, 495 F. App'x 200, 207 (3d Cir. 2012) (determining that the defendant "cannot establish actual innocence based on the hearsay evidence of a deceased witness alone").

Additionally, the letter from "Tone" to "Skeet" poses similar credibility issues. It is not signed by McKenzie beyond being identified as "Tone," which calls into question whether McKenzie wrote the letter. The letter is also not dated, so it is unclear when it was written. Even if McKenzie wrote the letter, he did not sign it under penalty of perjury and cannot be subject to cross-examination under oath about the truthfulness of the letter, since he is deceased. Just like the affidavit, the letter is insufficient to meet the high burden of a freestanding actual innocence claim. *See Scott v. Lavan*, 190 F. App'x 196, 198–99 (3d Cir. 2006) (concluding that the evidence did not support a finding of actual innocence because "[t]he reliability of this evidence is dubious [as m]ost of these statements are undated and unsworn, and many of the accounts constitute hearsay").

Similarly, the Lee and Hill affidavits present credibility issues. They are from 2015: over fifteen years after the murder and almost fifteen years after Hill's trial. The Court likewise views all three new affidavits with suspicion.

The Lee affidavit is inconsistent with her testimony from the trial. At her trial, Lee testified that she heard McKenzie tell Hill, "I told you not to shoot him." Tr. 12/21/00 at 39:17–41:16. Her new affidavit contradicts that testimony and maintains that McKenzie admitted to her that he did the murder, and Hill did not commit the murder. As such, the Court views her 2015 affidavit, apparently recanting her trial testimony, with suspicion. *See Landano v. Rafferty*, 856 F.2d 569, 572 (3d Cir. 1988) ("Courts have historically viewed recantation testimony with great suspicion."); *Tillery v. Clark*, No. 20-2675, 2024 WL 6971165, at *7 (E.D. Pa. Sept. 3, 2024), *report and recommendation adopted*, No. 20-2675, 2026 WL 27822 (E.D. Pa. Jan. 5, 2026) (citation omitted) ("Unless other evidence or circumstances corroborate the recantation, a recantation will normally fail the test of reliability" to satisfy the actual innocence gateway standard, and thus not the higher freestanding actual innocence standard). Additionally, Hill has been unable to locate and interview Lee to testify at a potential evidentiary hearing, even after investigators contacted her over a dozen times. *See* Mot. to Admit 5–6. There is no way to test her credibility, since she could not be subject to cross-examination. The Lee affidavit is thus insufficient to meet the burden required to bring a freestanding actual innocence claim.

The same problem arises with the Gregory and Carl Hill affidavits. Both affidavits are based upon McKenzie's alleged statements to them. Neither Carl nor Gregory Hill has any independent evidence apart from McKenzie's hearsay confessions to them. Both affidavits therefore pose the same credibility issues raised above about McKenzie's confession and fail to satisfy the high burden for establishing actual innocence.

Moreover, Hill made no effort to bring the new affidavits or the letter before a state court on PCRA review.[6] He only brings this evidence for the first time before this Court. This Court recognizes that "considerations of finality and comity must yield to the fundamental right not to be wrongfully convicted." *Satterfield.*, 872 F.3d at 164 (citing *House*, 547 U.S. at 536–37). However, "[i]n the absence of a strong showing of 'actual innocence,' *Murray v. Carrier*, [477 U.S. 478, 496 (1986], the State's interests in actual finality outweigh the prisoner's interest in obtaining yet another opportunity for review." *Calderon v. Thompson*, 523 U.S. 538, 557 (1998). Since Hill cannot meet the standard for actual innocence, equitable factors do not support granting his Rule 60(b) motion.

In addition to the fact that the letter and affidavits are insufficient to meet the high bar required to prevail on a freestanding actual innocence claim, the record shows independent evidence of Hill's guilt. In denying Hill's ineffective assistance of counsel and sufficiency of the evidence claims, the trial court noted that "overwhelming" evidence supported Hill's guilt. *Hill*, 2001 WL 36043756, at *1. For example, the trial court noted that Roslyn Johnson testified that she saw Hill shoot into the car where the decedent was located. *See id.* Witness Sharon Millsaps testified the same. *See* Tr. 12/20/00 at 113:14–114:16. Additionally, the physical evidence showed bullet holes in the decedent's vehicle, where the decedent died from gunshot wounds. *Hill*, 2001 WL 36043756, at *1. Hill provides no evidence to rebut Johnson's or Millsaps's testimony. Thus, the record provides additional evidence of Hill's guilt, regardless of the presented affidavits and letter.

---

[6]     Although Hill presented the 2004 McKenzie affidavit before a Pennsylvania state court with his second PCRA petition, he did not present the 2015 Lee and Hill affidavits, nor the undated "Tone" and "Skeet" letter, before a Pennsylvania state court on PCRA review.

17

Therefore, the Court denies Hill's Rule 60(b) Motion.[7]

## V.       CONCLUSION

For the aforementioned reasons, the Court denies Hill's Rule 60(b) Motion because a freestanding actual innocence claim is not cognizable, Hill has not first presented the new evidence before a state court on PCRA review, and the presented affidavits do not meet the high burden necessary to award habeas relief in a freestanding actual innocence claim. Since the Court denies Hill's Rule 60(b) Motion, the Court also dismisses the Motion to Admit Affidavits and Motion to Withdraw the request for an evidentiary hearing as moot.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[7]      A certificate of appealability ("COA") should only be issued "if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Out of an abundance of caution, the Court will grant a COA as to Hill's freestanding actual innocence claim only.